UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 12–4355 DSF (AJWx) | Date | 1/11/13 |
|---|---|---|---|
| Title | Ors Gyene, et al. v. Steward Financial, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) GRANTING Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s (MERS) Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 60), DENYING as MOOT Defendants Wells Fargo Bank, N.A. and MERS' Motion to Strike Portions of Plaintiffs' Second Amended Complain (Docket No. 61), and GRANTING Defendants MERS and Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 65.), and REMANDING case to the Superior Court of California, County of Los Angeles.

On September 7, 2012, Plaintiffs Ors Gyene and Rozsa Gyene filed their Second Amended Complaint (SAC) against Defendants Steward Financial, Inc. (Steward), Wells Fargo Bank, N.A. (Wells Fargo) doing business as America's Servicing Company (ASC), Ocwen Loan Servicing, LLC (Ocwen), and First American Title Insurance Company (First American Title)[1].  Plaintiffs move for leave to amend the SAC to add "HSBC Bank USA, N.A., as Trustee for the registered holders of Nomura Asset Acceptance Corporation, Alternative Trust, Series 2005–S4 and 2005–AP3." (Docket No. 53, at 3.) Defendants Wells Fargo moves to dismiss the SAC and moved to strike portions of the

---

[1] Plaintiffs voluntarily dismissed several of their claims against non-moving Defendant First American Title.  (Docket No. 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

SAC.[2] Defendant Ocwen separately moves to dismiss the SAC.

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7–15. As the Court remands the case to the Superior Court of California, County of Los Angeles, the hearing set for February 4, 2013 on Plaintiffs' motion for default judgment against Steward is removed from the Court's calendar and the Court takes no action on Plaintiffs' request for default judgment.

## I. INTRODUCTION

On May 18, 2005, in exchange for a loan of $802,900 from Steward (Lender), Plaintiff Ors Gyene executed a Deed of Trust. (Defs.' Wells Fargo Req. for Judicial Notice (Wells Fargo RJN), Ex. C; Docket No. 62.)[3] The Deed of Trust states that the Trustee is First American Title, the Beneficiary is MERS. (Id.) The Deed of Trust states that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(Id.)

On February 10, 2012, an Assignment of Deed of Trust (Assignment) was

---

[2] MERS is listed as a Defendant on Wells Fargo's and Ocwen's motions to dismiss Plaintiffs' SAC. However, Plaintiffs have already voluntarily dismissed MERS without prejudice. (Docket No. 72.)

[3] The Court grants Wells Fargo's request for judicial notice and takes judicial notice of Exhibit C (Deed of Trust dated May 18, 2005) and Exhibit D (Deed of Trust and Request for Notice of Default recorded May 24, 2005).

These exhibits are public records, the authenticity of which is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Further, a document not appended to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). The documents form the basis of Plaintiffs' claims and Plaintiffs have previously requested that the Court take judicial notice of these documents. (Pls.' Req. for Judicial Notice in Supp. of Opp'n to Mot. to Dismiss; Docket No. 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

recorded. (SAC Ex. 1.) Under the Assignment, MERS granted its beneficial interest in the Deed of Trust to HSBC Bank U.S.A., N.A. (HSBC), as Trustee for the Registered Holders of Nomura Trust Asset Acceptance Corporation, Alternative Loan Trust, Series 2005–S4 (Nomura Trust). (Id.) Noemi Morales, the Assistant Secretary for MERS, signed the document on behalf of MERS. (Id.)

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (alteration in original) (citation and internal quotation marks omitted).

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

by the allegation of different or additional facts.  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

"However, liberality in granting leave to amend is subject to several limitations."  Cafasso, 637 F.3d at 1058 (internal quotation marks omitted).  "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  Id.  A district court also enjoys broad discretion to deny leave to amend if a plaintiff has previously amended the complaint.  Id.

### III.  DISCUSSION

#### A.    Pooling Services Agreement (PSA) — Securitization

Plaintiffs claim Defendants "failed to adhere to the . . . [Pooling and Servicing Agreement (PSA)], which requires that the Notes and Mortgages be properly endorsed, transferred, accepted, and deposited . . . on or before the 'closing date,'" which Plaintiffs contend is December 22, 2005.  (Compl. ¶ 30.)  Plaintiffs claim that, as a result of Defendants' failure to adhere to the PSA, HSBC, Ocwen, and Wells Fargo[4] cannot collect on Plaintiffs' Note. (Id.)  In their SAC, Plaintiffs admit that they are not beneficiaries of or parties to the PSA: "Plaintiffs do not allege or assert that they are a beneficiary or party to the PSA."  (Id. ¶ 34.)  As non-parties to the PSA, Plaintiffs may not challenge any invalidity arising out of that agreement.  E.g. Gilmore v. American Mortg. Network, No. CV 12–7935–CAS (Ex), 2012 WL 6193843, at *5 (C.D. Cal. Dec. 10, 2012) ("To the extent that plaintiff argues that defendants violated the [PSA] governing the [Trust Certificates], he also fails to state a claim.  Plaintiff's argument has been considered and rejected many times before.")  Plaintiffs may not state a claim on the basis of a PSA violation.

#### B.    California Business and Professions Code § 17200 (UCL)

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "A business act or practice may violate the UCL if it is either unlawful, unfair, or fraudulent.  Each of these three adjectives captures a separate and distinct theory of liability."  Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) (citations and quotation marks omitted).  Plaintiffs allege that Wells Fargo and Ocwen illegally collected Plaintiffs' mortgage payments without a right to do so, which Plaintiffs allege is a business practice that is unfair, likely to deceive, and unlawful in violation of the UCL.  (SAC ¶¶ 100–103.)[5]  Plaintiffs further allege that

---

[4] Plaintiffs refer to Wells Fargo separately as ASC. As Wells Fargo and ASC are the same entity, the Court refers only to Wells Fargo.

[5] In their Oppositions, Plaintiffs cite the wrong portion, paragraphs 131 to 135, of their SAC in referring to their UCL claims.  (Pls.' Wells Fargo Opp'n 20; Pls.' Opp'n to Ocwen's Mot. to Dismiss (Pls.' Ocwen Opp'n) SAC 21.)  Plaintiffs' UCL claims are listed in paragraphs 95 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Defendant Ocwen recorded the Assignment "well after the closing date of the [Nomura Trust]" and that the Assignment was "signed by a known Robo-signer." (SAC ¶ 98).

Plaintiffs allege that Defendants engaged in a variety of unfair, unlawful, and fraudulent business practices with respect to mortgage loan servicing. First, Plaintiffs allege, without distinguishing between Defendants, that Defendants executed and recorded false and misleading documents in violation of California Penal Code § 532f(a)(4), that Defendants executed and recorded documents without the legal authority to do so, and that Defendants acted as beneficiaries without the legal authority to do so. (SAC ¶ 101(a)–(b), (f)). The document fabrication and lack of legal authority allegations are discussed below.

Second, Plaintiffs allege that Defendants failed to disclose the principal for which documents were being executed and recorded in violation of California Civil Code § 1095. (Id. ¶ 101(c)). This claim is dismissed with prejudice as it is unclear to which documents and Defendants Plaintiffs are referring because there are no further factual allegations in support of this alleged omission and Plaintiffs fail to discuss or identify the documents in the Oppositions. These allegations are insufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Further, to the extent Plaintiffs are referring to the February 10, 2012 Assignment, the principal, Steward, is clearly identified on the face of the document Plaintiffs attached to their SAC. (SAC, Ex. 1.) Finally, the Court warned Plaintiffs in the FAC Order that "[i]n any future pleadings, Plaintiffs' failure to distinguish among Defendants will be a basis for dismissal of the pleadings with prejudice." For these reasons, Plaintiffs' UCL claims based on violations of Civil Code § 1095 are dismissed with prejudice as to moving Defendants.

Third, Plaintiffs allege that Defendants violated the "Security First rule." (SAC ¶ 101(e)). Plaintiffs make no attempt to define or explain the rule, do not provide any factual allegations in support of this claim, and do not discuss it at all in either Opposition to the motions to dismiss.[6] This portion of their UCL claim is dismissed with prejudice

---

113 of their SAC.

[6] Plaintiffs' failure to allege that any Defendant has attempted to pursue their personal assets is a fatal omission in their "Security First rule" claim. "[The security-first rule does not prohibit agreements between a lender and borrower that attempt to prevent foreclosure on the security interest. Instead, this rule requires the sale of the secured property before the lender pursues the debtor personally for any further deficiency." Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1202 (S.D. Cal.2010). "Thus, because Plaintiffs have not alleged that Defendants have pursued them personally, they have not alleged that Defendants violated [the Security First Rule]." Yau v. Duetsche Bank Nat. Trust Co. Americas, No. SACV 11–00006–JVS (RNBx), 2011 WL 8327957, at *8 (C.D. Cal. May 9, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

as to moving Defendants as Plaintiffs have had ample opportunity to amend their Complaint and still do not state a UCL claim for violation of the "Security First Rule."

Fourth, Plaintiffs allege that Defendants demanded and accepted payments for debts that were non-existent. (SAC ¶ 101(d)). This allegation is discussed below.

Fifth, Plaintiffs allege that Defendants failed to comply with 12 U.S.C. § 2605, the Real Estate Settlement Procedures Act (RESPA), by not adequately responding to Plaintiff's Qualified Written Request (QWR). (SAC ¶ 101(g)). For the reasons stated below, Plaintiffs fail to adequately allege a violation of RESPA and as such they cannot maintain a UCL claim based on that underlying violation. Plaintiffs have had ample opportunity to amend their Complaint to state a UCL claim based on an alleged violation of RESPA. They have again failed to properly plead this claim and it is therefore dismissed with prejudice as to moving Defendants.

As Plaintiffs' other UCL claims have been dismissed with prejudice, the lone remaining consideration is whether Plaintiffs have adequately pleaded their two other UCL claims — their document fabrication and lack of legal authority claims and their non-existent debts claim.

As discussed above, Plaintiffs cannot maintain a claim based on the alleged invalidity of the Assignment as a result of improper securitization or failure to follow the PSA. As discussed below, Plaintiffs have failed to adequately plead a fraud claim based on "robo-signing" or Defendants' ability to collect mortgage payments. As such, Plaintiffs' document fabrication and lack of legal authority claims and their non-existent debts allegation have no substantive legal basis. As Plaintiffs have had ample opportunity to amend these UCL claims and still fail to state a claim, this portion of their UCL claim is dismissed with prejudice as to moving Defendants.

Even if Plaintiffs adequately pleaded any of their UCL claims, they still lack standing. A UCL claim must be brought "by a person who has suffered injury in fact and has lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). "This provision requires [a plaintiff] to show that she has lost money or property sufficient to constitute an injury in fact under Article III . . . and also requires a causal connection between" a defendant's alleged UCL violation and a plaintiff's injury in fact. Rubio, 613 F.3d at 1203–04) (citations and quotation marks omitted). In support of their assertion that they have standing to bring a UCL claim, Plaintiffs provide a single conclusory statement: "As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiffs have been injured in that a cloud has been placed upon the title to Plaintiffs' Property and Defendants, have failed to remove this cloud from Plaintiffs' title." (SAC ¶ 112.) As Plaintiffs offer only this conclusory statement, they have failed to plead facts sufficient to satisfy Iqbal and Twombly and establish an inference that title to their home was clouded as a result of Defendants' alleged unfair business practices, as opposed to their own failures to make

payments on their mortgage. Plaintiffs have thus failed to adequately plead that their "injury" was the "result of" Defendants' alleged conduct. See, e.g., Shkolnikov v. JPMorgan Chase Bank, No. 12–03996 JCS, 2012 WL 6553988, at *21 (N.D. Cal. Dec. 14, 2012) (dismissing a UCL claim supported only by a bare standing allegation that "a cloud has been placed upon title to Plaintiffs' Property"). For these reasons, Plaintiffs' UCL claims are dismissed with prejudice as to moving Defendants.

### C. Negligent Misrepresentation

Plaintiffs bring a negligent misrepresentation claim against Wells Fargo, Ocwen, and Steward. Plaintiffs allege that Ocwen and Wells Fargo "had the duty" to refrain from "collection or demanding mortgage payments when they do not have the right to enforce the obligation." (SAC ¶ 116.) Plaintiffs' claim against Wells Fargo and Ocwen for "collection or demanding mortgage payments when [it] did not have the right to enforce the obligation" is based on violations of the PSA. (Id. ¶ 118) For the reasons explained above, Plaintiffs cannot bring a claim for violations of the PSA. As Plaintiffs have had ample opportunity to amend their Complaint and still fail to state a claim, their negligent representation claim against Wells Fargo and Ocwen is dismissed with prejudice.[7]

### D. Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*

Plaintiffs bring a RESPA claim against Wells Fargo and Ocwen for failing to respond to two QWRs sent on or about December 23, 2011. (SAC ¶ 124.) Plaintiffs' requests allegedly contained "information to enable [Wells Fargo] and Ocwen to identify Plaintiffs' Loans and also contained requests for information on the loan . . . ."[8] (Id. ¶

---

[7] Even if Plaintiffs had the ability to bring claims for violations of the PSA, they would still fail to state a negligence claim because they have not alleged facts sufficient to show that Wells Fargo and Ocwen owed them a duty. The elements of a cause of action under California law for negligence are (1) duty, (2) breach of duty, (3) causation, and (4) damages. Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Simply alleging the bare legal conclusion that Wells Fargo and Ocwen have a duty to Plaintiffs, (e.g. SAC ¶¶ 116–17), is insufficient to satisfy the pleading requirements of Iqbal and Twombly.

[8] Plaintiffs allege that this information included but was not limited to:

126.) Plaintiffs allege that Wells Fargo and Ocwen did not provide the information required by 12 U.S.C. § 2605 because Wells Fargo "and Ocwen responded by providing partial account history of Plaintiffs' account." (Id. ¶ 127.) Under RESPA, a QWR must "include[], or otherwise enable[] the [loan] servicer to identify, the name and account of the borrower" and "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(i)–(ii). Additionally, a loan servicer's response to a QWR must be made no later than sixty days after the receipt of a QWR and include certain specified information.[9]

While Plaintiffs have sufficiently pleaded a QWR claim as to § 2605(e),[10] their

---

> [I]nformation on the loan, including but not limited to the complete pay history from the date of origin, including any portion of the history that originated from previous assignors; that the mortgage account has been properly credited, debited, adjusted, amortized and charged correctly; that interest and principal have been properly calculated and applied to this loan; that any principal balance has been properly calculated, amortized and accounted for; and requested information to verify the validity of the purported debt owed to HSBC Bank, [Wells Fargo], and/or Ocwen.

(SAC ¶ 127.)

[9] In response to a QWR, the responding servicer must: (A) make corrections to the borrower's account; (B) after investigation, provide the borrower with a written explanation that includes, "to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer" and the contact information of an individual employed by the servicer who can provide assistance to the borrower; *or* (C) after investigation, provide the borrower with a written explanation that includes "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer" and the contact information of an individual employed by the servicer who can provide assistance to the borrower. 12 U.S.C. § 2605(e)(2).

[10] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. Taking as true Plaintiffs' RESPA allegation that Wells Fargo and Ocwen provided only a partial account inquiry when Plaintiffs requested a "complete payment history" for the purpose of determining whether their account has been properly credited, Plaintiffs have stated a claim for a RESPA violation because their request was a QWR that was incompletely responded to by Wells Fargo and Ocwen in violation of RESPA. See Fazio v. Experian Information Solutions, Inc., No. C 12–00497 CRB, 2012 WL 2119253, at *4 (N.D. Cal. June 11, 2012) (finding that a plaintiff stated a RESPA claim when defendant loan servicers failed to provide a complete account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

RESPA claim fails because they do not allege facts sufficient to support their claim that Wells Fargo and Ocwen caused their alleged pecuniary losses. Under RESPA, a loan servicer that fails to adequately respond to a QWR "shall be liable to the borrower for each such failure in . . . an amount equal to the sum of any actual damages to the borrower as a result of the failure . . . ." 12 U.S.C. § 2605(f)(1)(A). In support of their RESPA claim, Plaintiffs allege that their "actual pecuniary damages include, but are not limited to, the over calculation and overpayment of interest on Plaintiffs' loan, the costs associated with removing the cloud on their property title and attorneys' fees and costs, in an amount to be proven at trial, but in excess of $75,000.00." (SAC ¶ 129.) Plaintiffs further allege that "[a]s a direct and proximate result of the violations of RESPA . . . by [Wells Fargo] and Ocwen, Plaintiffs have suffered actual pecuniary damages, including but not limited to statutory damages, civil liability, and attorneys' fees, in an amount to be proven at trial." (Id. ¶ 130.)

    In order to successfully maintain a RESPA claim, Plaintiffs must adequately plead that they have sustained "actual pecuniary damages." See Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Although [RESPA] does not explicitly set this out as a pleading standard, a number of courts have read [it] as requiring a showing of pecuniary damages in order to state a claim.") "Courts have liberally interpreted this requirement." Fazio, 2012 WL 2119253, at *4 (citation omitted). These "actual pecuniary damages" must, by the plain terms of § 2605(f)(1)(A), be a "result of the failure," *i.e.* must be caused by Wells Fargo's and Ocwen's violation of RESPA. See Lal v. American Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (finding that in order to state a valid RESPA claim, alleged pecuniary damages must be "a direct result of the failure to comply"); Givant v. Vitek Real Estate

---

    history in response to his letter requesting a "complete account history 'to show that all charges and credits have been properly applied'").

    In seeking to dismiss Plaintiffs' RESPA claim, Wells Fargo asserts that "Plaintiffs first cite two authorities that functionally hold that any letter written to a servicer, at any time, without alleging any conflict about the account, requires a RESPA-compliant response." (Wells Fargo Reply 10.) This misapprehends RESPA. A request for a complete account history is clearly a QWR under § 2605(e)(1)(B)(ii) because it is at the very least a borrower request for "other information." It is clear that "12 U.S.C. § 2605(e)(1)(B)(ii) is written in the disjunctive: a QWR may include a statement of the reason, to the extent applicable, for the borrower's belief that the account is in error or provide sufficient detail to the servicer regarding other information sought." Luciw v. Bank of America, N.A., No. 5:10–cv–02779–JF/HRL, 2010 WL 3958715 at *3 (N.D. Cal. Oct. 7, 2010); see also Fazio, 2012 WL 2119253, at *4 (finding that a request for a "complete account history" constituted a QWR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Indus. Grp, Inc., No. 2:11–cv–03158–MCE–JFM, 2012 WL 5838934, at *4 (E.D. Cal. Nov. 15, 2012) ("The allegations of a RESPA QWR claim [also] must show that the RESPA violation proximately caused Plaintiff's damages.") (citations and quotation marks omitted). Plaintiffs have not sufficiently alleged facts to show that the damages they claimed were caused by the deficient responses of Wells Fargo and Ocwen.

As to the claimed damages, the "incorporated damage" of having to file a lawsuit, *i.e.* Plaintiffs' claims for "the costs associated with removing the cloud on their property title and attorneys' fees and costs," does not count as "actual damages" for RESPA purposes.[11] See Lal, 680 F. Supp. 2d at 1223 (holding that "simply having to file suit" cannot constitute actual pecuniary damage because "[i]f such were the case, every RESPA suit would inherently have a claim for damages built in.") Further, Plaintiffs cannot maintain a claim for "statutory damages" because they have not satisfied the plain terms of RESPA, which requires allegation of facts sufficient to establish the plausibility of a finding of "a pattern or practice of noncompliance with [RESPA's] requirements." 12 U.S.C. § 2605(f)(1)(B); see also Lal, 680 F. Supp. 2d at 1223 (rejecting a RESPA claim that "flatly claimed a pattern of noncompliance but state[d] no facts.") In sum, under RESPA, Plaintiffs may only claim damages for "over calculation and overpayment of interest on Plaintiffs' loan." (SAC ¶ 129.)

The fatal problem with Plaintiffs' claim for "over calculation and overpayment of interest," however, is that they fail to allege facts sufficient to state a claim that Wells Fargo and Ocwen's alleged failure to comply with RESPA caused the harm. Plaintiffs' only allegation regarding causation is a conclusory statement, devoid of any factual elaboration, that "[a]s a direct and proximate result of the violations of RESPA . . . by [Wells Fargo] and Ocwen, Plaintiffs have suffered actual pecuniary damages." (SAC ¶ 130.) The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Even construing the "actual pecuniary damages" provision of RESPA liberally, Plaintiffs' bare statement of causation is pleaded insufficiently. See also Givant, 2012 WL 5838934, at *4 (finding that a RESPA claim failed when a plaintiff failed to move beyond "conclusory and speculative allegations about the effects of failure to respond to a QWR's laundry list of requests for information" and failed to explain how a servicer's failure to respond to the QWR proximately caused her damage) (citation and quotation marks omitted). As Plaintiffs have had ample opportunity to amend their RESPA claim yet still fail to state a claim, their RESPA claim is dismissed with prejudice.

---

[11] Plaintiffs also claim that they have suffered actual pecuniary damages for "civil liability," but fail to state what that actual liability is or even what general category of liability they are referring to. Plaintiffs cannot maintain a RESPA claim for these unspecified damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

E.    Fraud

Plaintiffs bring a fraud claim against Wells Fargo, Ocwen, and Steward.[12] First, Plaintiffs claim that Wells Fargo and Ocwen "misrepresented the identity of the owner of Plainitffs['] loans, the fact that they had authority to collect on Plaintiffs['] mortgages, and that they had an interest in Plaintiffs['] property." (SAC ¶ 132.) Plaintiffs allege that Wells Fargo and Ocwen "had a duty to not" make these misrepresentations. (Id. ¶ 133.) Plaintiffs also allege that Ocwen "resorted to 'papering the file' by fabricating a back dated 'Assignment of Deed of Trust,' employing an individual, named Noemi Morales"[13] who they allege is a "robo-signer." (Id. ¶ 138.)

In the SAC, Plaintiffs identify their claim as a claim for "FRAUD (in the concealment)," but in their Oppositions to the Motions to Dismiss, they discuss a fraud claim based on misrepresentation. (Pls.' Wells Fargo Opp'n 26; Pls.' Ocwen Opp'n 27–28.) In their Oppositions, Plaintiffs cite Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, 57 Cal.App.3d 104, 109 (1976), and list the elements from Roberts for fraud based on misrepresentation — "a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damages." See also Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP, 201 Cal. App. 4th 368, 375 (2011) (recognizing Roberts as the proper standard for a fraud based on misrepresentation claim).[14]

---

[12] As Steward has not moved to dismiss the SAC, the Court does not address the SAC's fraud allegations against Steward.

[13] Plaintiffs allege that Morales is an individual who had "no authority or personal knowledge of the facts to which she attested to, and whose name appears on the list of robo-signers in many counties of the United States." (SAC ¶ 138.)

[14] In any event, Plaintiffs have again failed to state a claim for fraud in the concealment. Under California law, the elements of a claim for fraud in the concealment are:

> (1) [T]he defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007). In their fraud claim, Plaintiffs do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Even construing Plaintiffs' fraud claim against Wells Fargo and Ocwen as based on misrepresentation, Plaintiffs still fail to state a claim. Under California law, for a fraud based on misrepresentation claim to succeed, "[t]he representation must ordinarily be an affirmation of fact," though "[s]ometimes it can be a misrepresentation of law or a false promise that contains an implied misrepresentation of intention to perform the promise." Id. (citations and quotation marks omitted).

In determining whether a claim may survive a motion to dismiss, the Court considers whether Plaintiffs satisfied the strictures of Federal Rule of Civil Procedure 9(b) in "stat[ing] with particularity the circumstances constituting fraud." "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations, citations, and internal quotation marks omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (citation and quotation marks omitted).

Plaintiffs' fraud claim against Wells Fargo and Ocwen fails to satisfy the requirements of Rule 9(b) because it fails to allege when and how Wells Fargo and Ocwen "misrepresented the identity of the owner of Plaintiffs['] loans." Further, Plaintiffs are bringing this first fraud claim against two Defendants, Wells Fargo and Ocwen, and have failed to allege specifically how each Defendant acted fraudulently and when these fraudulent acts occurred.[15] Finally, Plaintiffs have failed to allege that they

---

allege that they had been unaware of the fact that Wells Fargo and Ocwen had no interest in their mortgage loan or that they were believed to be in default. Plaintiffs fail to allege an essential element of a claim for fraud in the concealment. To the extent Plaintiffs are making a fraud in the concealment claim, that claim is dismissed with prejudice as to moving Defendants.

[15] It is unclear whether Plaintiffs believe Defendants continually fraudulently misrepresented the true owner of the mortgage and whether they made fraudulent representations at the same time or at separate times. Further, the SAC alleges only that Wells Fargo knew of the falsity of its claims beginning on June 4, 2012 when it allegedly "misrepresent[ed] to the Plaintiffs and to the Court . . . that Plaintiffs have defaulted on their loan." (SAC ¶¶ 136–37.) It is unclear whether Wells Fargo knew of the alleged falsity before that time.

**MEMORANDUM**

justifiably relied on Wells Fargo's and Ocwen's representations. Plaintiff's first fraud claim against Wells Fargo and Ocwen is dismissed. As Plaintiffs have had ample opportunity to amend their fraud claim but have again failed to do so, their fraud claim is dismissed with prejudice.

### F. Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

As explained in the FAC Order, "[b]ecause there are no allegations to support the inference that Plaintiffs' loans were in default at the time they were taken for servicing," (FAC Order 9), Plaintiffs cannot maintain a FDCPA claim against Wells Fargo and Ocwen. In support of their legal assertion that Wells Fargo and Ocwen are "debt collectors" under the FDCPA, Plaintiffs allege that "the [FDCPA] defines a loan to be in default if not paid on the due date, which in this case [is] the first of the month." (SAC ¶ 150.) Plaintiffs further allege that when "ASC and Ocwen took over the servicing of their loans, their loan was in default because they paid it after the due date." (Id. ¶ 151.) Plaintiffs' FDCPA claim fails because they again fail to allege *when* Wells Fargo and Ocwen "acquired" the debt and therefore fail to sufficiently plead that Wells Fargo and Ocwen are "debt collectors" within the meaning of the FDCPA. The notices[16] purportedly from Wells Fargo and Ocwen attached to Plaintiffs' SAC regarding late payments do not cure this fatal defect as they do not establish *when* the debts were taken for servicing. (SAC Ex. 16–17.)

Further, Plaintiffs fail to allege facts sufficient to show that their loans were legally in default at any time. As the Ninth Circuit has explained, "[a]lthough the [FDCPA] does not define 'in default,' courts interpreting § 1692a(6)(F)(iii) look to any underlying contracts and applicable law governing the debt at issue." De Dios v. International Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011) (citations omitted). The Ninth Circuit further explained:

> The Act's legislative history is consistent with construing "in default" to mean a debt that is at least delinquent, and sometimes more than overdue. See S. Rep. No. 95–382 (1977) (debt collector does not include those "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing"), reprinted in 1977 U.S.C.C.A.N. 1695, 1698; Fed. Trade Comm'n, Staff Commentary on the Fair

---

[16] While the bottom of the August 23, 2012 letter from Ocwen does note that "[t]his communication is from a debt collector attempting to collect a debt," that language does not establish that Ocwen is a debt collector within the meaning of the FDCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Debt Collection Practices Act § 803, 53 Fed. Reg. 50097, 50103 (Dec. 13, 1988) (exemption in § 1692a(6)(F)(iii) was intended to apply to mortgage companies and other parties "whose business is servicing current accounts"), available at www.ftc.gov/os/statutes/ fdcpa/ commentary. shtm# 802 (emphasis added); accord FTC v. Check Investors, Inc., 502 F.3d 159, 173 (3d Cir.2007); Schlosser v. Fairbanks Cap. Corp., 323 F.3d 534, 538 (7th Cir.2003).

Id. at 1075 n.3. Plaintiffs fail to point to specific contractual provisions governing their loans or communications between Plaintiffs and Wells Fargo and Ocwen stating that their loans were actually in default. As they have not pleaded facts sufficient to permit the court to draw the reasonable inference that their loans were legally in default at the time they were taken for servicing, their claim must be dismissed. As Plaintiffs have had two prior opportunities to amend their FDCPA claim and, in particular, still fail to allege the date the loans were taken for servicing, their FDCPA claims against Wells Fargo and Ocwen are dismissed with prejudice.

### G. Quiet Title

Plaintiffs cannot state a claim for quiet title because they failed to allege tender. Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (stating that a plaintiff seeking to quiet title must allege that he has paid the amount due on his mortgage). "Unless the mortgagor discharges the debt, the cloud on his or her title cannot be removed." Aquilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974). "A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the Deed of Trust." Solomon v. Aurora Loan Servs. LLC, No. CIV. 2:12–209 WBS KJN, 2012 WL 2577559, at *10 (E.D. Cal. July 3, 2012) (citation and quotation omitted).

In their Opposition to the motion to dismiss, Plaintiffs cite Lona v. Citibank, N.A., 202 Cal. App. 4th 89 (2011), and argue that they is not required to allege tender. In asking to be excused from the tender requirement, Plaintiffs appear to be referring to the exception to tender "where it would be inequitable to impose such a condition on the party challenging the sale." Id. at 113. In Lona, the court described the origin of this exception to the tender rule, which was first identified in Humboldt Sav. Bank v. McCleverty, 161 Cal. 285 (1911):

> In Humboldt, the defendant's deceased husband borrowed $55,300 from the plaintiff bank secured by two pieces of property. The defendant had a $5,000 homestead on one of the properties. When the defendant's husband defaulted on the debt, the bank foreclosed on both properties. In response to the bank's argument that the defendant had to tender the entire debt as a condition precedent to having the sale set aside, the court held that it would be inequitable to require the defendant to "pay, or offer to pay, a debt of $57,000, for which she is in no way liable" to attack the sale of her $5,000 homestead.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Lona, 202 Cal. App. 4th at 113 (citing Humboldt, 161 Cal. at 287–91). Plaintiff does not allege any facts to support the claim that application of the tender requirement here would be inequitable. Plaintiffs have had two prior opportunities to state a quiet title claim. As they again fail to allege tender and thus fail adequately plead a quiet title claim, this claim is dismissed with prejudice as to moving Defendants.

### H. Declaratory Relief

A litigant seeking relief under the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a), must show there is a real and substantial controversy remediable by specific relief. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937); see also Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). A DJA claim "brings to the present a litigable controversy, which otherwise might only be tried in the future." Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981). The DJA "merely offers an *additional remedy* to litigants." Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2d Cir. 1997). As all of Plaintiffs' other claims fail, their declaratory relief claim must also be dismissed without prejudice as to moving Defendants.

### I. Remand

All federal claims except Plaintiffs' DJA claim have been dismissed. The only independent claims that remain are Plaintiffs' state law claims[17] against Steward. As the DJA claim is independent of Plaintiffs' state law claims, the Court has discretion to remand Plaintiffs' state law claim. See United Nat'l Ins. Co. v. R&D Latex Corp, 242 F.3d 1102, 1113 (9th Cir. 2001) (explaining that discretionary remand is improper only if "the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed.") The Court therefore declines supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3) and REMANDS this case to the Superior Court of California, County of Los Angeles.

## IV. CONCLUSION

---

[17] Plaintiffs bring claims against Steward for violation of California Business and Professions Code § 17200 *et seq.*, (SAC ¶¶ 95–113), negligence, (id. ¶¶ 114–21), and fraud, (id. ¶¶ 131–143).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

For the reasons above, Plaintiffs' SAC is dismissed in its entirety.  The motions to strike are DENIED as moot.  This case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.